CHARLES CARROLL, Judge
(dissenting).
I respectfully dissent from the majority affirmance, and would reverse. I am not in disagreement with the rule of law observed by the majority that at common law a governmental unit had no responsibility for damage inflicted upon its citizens or property therein as a result of a riot or unlawful assembly. However, I consider that rule is not applicable where, without legal obligation to do so, such a governmental unit with knowledge of a riotous assembly, or of an assembly which may develop into a riot causing damage to adjacent properties, first furnishes police protection adequate to prevent such injuries and then withdraws all police protection, abandoning the nearby property owners to the imminent danger of loss.
Here with knowledge of the riotous condition developing in the area in question the city furnished extra police protection for the benefit of the business people in the area, during the afternoon and into the early evening, and then withdrew all police *663 protection. According to the allegations of the complaint the county took part by then directing that the city police protection not he returned.
In my opinion it was error for the trial court to dismiss the complaint in view of that factual showing. In dealing with this basis of tort liability, in Riss v. City of New York, 27 A.D.2d 217, 278 N.Y.S.2d 110, 112, the court said:
“ * * * Undoubtedly there would be liability if a police officer witnessed an assault and failed to go to the protection of the person threatened; and also where the authorities have recognized a present, immediate and serious danger to the extent of supplying protection and thereafter abandon the person protected before the threat of imminent danger has abated (Isereau v. Stone, 207 Misc. 941, 140 N.Y.S.2d 585).”
In Restatement of the Law, Torts 2d, § 323, pp.'135, 137, entitled “Negligent Performance of Undertaking to Render Services,” it is stated:
“One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subj ect to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
“(a) his failure to exercise such care increases the risk of such harm, or
“(b) the harm is suffered because of the other’s reliance upon the undertaking.
* * * * * *
“Where, however, the actor’s assistance has put the other in a worse position than he was in before, either because the actual danger of harm to the other has been increased by the partial performance, or because the other, in reliance upon the undertaking, has been induced to forego other opportunities of obtaining assistance, the actor is not free to discontinue his services where a reasonable man would not do so. He will then be required to exercise reasonable care to terminate his services in such a manner that there is no unreasonable risk of harm to the other, or to continue them until they can be so terminated.”
The principle of law indicating liability as stated in the above quotation from Restatement of the Law of Torts, appears particularly applicable in the circumstances disclosed in the complaint to the effect that the withdrawal of protection occurred at a time of the day or night when the owners of businesses in the area were left without means or opportunity to take adequate steps to protect themselves, such as they would or could have provided for the protection of their businesses and properties if the city, at the inception of the trouble, had announced that no adequate police protection would be furnished in the event of a riot, which the nature and makeup of the assembly foretold.